IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IAN-JAMEEL NORVELL BLACK,

      **Plaintiff,**

      **v.**                              **CASE NO.  17-3209-SAC**

SHAWNEE COUNTY DEPARTMENT
OF CORRECTIONS,

      **Defendant.**

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff Ian-Jameel Norwell Black is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

### I.  Nature of the Matter before the Court

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  Although Plaintiff is currently incarcerated at the El Dorado Correctional Facility-Central, in El Dorado, Kansas, the events giving rise to his Complaint took place during his detention at the Shawnee County Adult Detention Center in Topeka, Kansas.

Plaintiff alleges that the Shawnee County Department of Corrections opened Plaintiff's outgoing legal and non-legal mail between March 30, 2015, and November 1, 2017.  Plaintiff alleges that Defendant copied his outgoing mail, put the letters back in the envelope, resealed the envelope and then stamped the envelope "Inmate Mail Contents Uncensored Shawnee County Jail" in red ink.  Plaintiff alleges that Defendant then forwarded all outgoing communications to the Shawnee County District Attorney for potential use in Plaintiff's criminal case.  Plaintiff

claims that he was prevented from claiming actual innocence in his criminal case, resulting in a denial of his motion to withdraw pleas and set aside convictions.

Plaintiff attaches documentation showing his requests to staff for information regarding the facility's outgoing mail policy.  The responses from staff set forth the policy as follows:

> All mail that comes and goes through this facility is subject to inspection . . . except that which is considered "legal mail", which chiefly intends correspondence with your defense counsel (to protect attorney-client privileged communications).
>
> If mail is inspected and it contains information relevant to an ongoing criminal investigation or criminal prosecution, it may be turned over to the District Attorney or the relevant law enforcement agency.  If it is turned over for use in a criminal prosecution, it will be provided to the defendant with other "discoverable" evidence.

Doc. 1, at 10.  In response to another request by Plaintiff, staff clarified that:

> If it can be demonstrated to be "legal mail" – which is not determined by whether or not those words are written on it, but by the addressee – it will be protected from intrusion as long as there is not a clear risk to security involved.

*Id*. at 12.  Staff further clarified the policy:

> I am in receipt of your request form that is in follow up to a previous response I provided you on the same general issue.  You request that I provide you answers regarding the practice of reviewing outgoing and incoming mail and the practice of officers searching sealed envelopes with "legal mail" written on the outside.
> On the first issue, our practice is fairly simple.  If a valid request comes from law enforcement or the District Attorney's office to monitor and copy mail that comes in or is sent out for a specific inmate, we honor that request.  Any mail reviewed in this manner is then produced to the inmate through the discovery process.  We do not participate in the discovery process, because we are not involved in the litigation.  We simply filter the mail as requested. In these instances, any mail items that qualify for the definition of "legal mail" is not meddled with.  To be clear, however, what constitutes "legal mail" is not defined by the inmate, but by what the law defines as "legal mail."  If you believe any mail intercepted

qualifies, and therefore should have been immune from our monitoring process, your remedy is to ask the Criminal Court Judge to have those pieces of mail not allowed into evidence. If the court gives us any direction on that matter, we'll follow that direction.

On the second issue, I want first to emphasize again that pieces of paper and envelopes do not become "mail" or "legal mail" because you designate it as such. It is "mail" when it is put into the "mail system." It is "legal mail" when it is in the mail system headed to or coming from an entity that is eligible for that status. Until then, it is only paperwork in your cell. Your writing "legal mail" on the outside of an envelope does not give that paperwork immunity from search. It could contain contraband, so it is subject to search at any time on any day by any officer or supervisor in this facility. That is the absolute baseline reality. If you have legal papers that you want to be maintained safely, you can communicate that to the officers and then open those items up in front of the officers so that the papers can be searched. I will not ever give a blanket order to officers *not* to search something in an inmate's cell or possession. That would be anathema to our core directive of safety and security. I have asked supervisors to remind officers to follow courtesy whenever they're opening envelopes, and to ensure inmates are present when they're doing so. However, it will not be based upon an inmate's subjective declaration of the paperwork's status as "legal mail", and there will be no items "off limits" from proper search protocols.

*Id*. at 13.

Plaintiff seeks to have the Defendant change the policy on mail censorship, and requests $120,000 in damages. Plaintiff names the Shawnee County Department of Corrections as the sole Defendant.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be

granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d

1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals.  *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'"  *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

### 1. *Defendant*

Plaintiff names the Shawnee County Department of Corrections as a defendant.  To impose § 1983 liability on the county and its officials for acts taken by its employee, Plaintiff must show that the employee committed a constitutional violation and that a county policy or custom was "the moving force" behind the constitutional violation.  *Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998) (citing *Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978)).  The Supreme Court has explained that it decided in *Monell*

"that a municipality can be found liable under § 1983 only where the municipality *itself* causes the constitutional violation at issue," and "there are limited circumstances in which an allegation of a 'failure to train' can be the basis for liability under § 1983." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385, 387 (1989).  Plaintiff has pointed to no policy or deficiency in the training program used by Shawnee County or the Shawnee County Jail and no causal link between any such inadequacy and the allegedly unconstitutional acts or inactions of employees at the jail. This action is subject to dismissal as to the Shawnee County Department of Corrections because Plaintiff has not alleged the requisite causative custom or policy.

Although Plaintiff has not shown the county policy was the moving force behind his alleged constitutional violations, he alleges that there were instances when the policy was not followed by staff.  Plaintiff alleges that the Shawnee County Department of Corrections opened Plaintiff's outgoing legal and non-legal mail between March 30, 2015, and November 1, 2017. Plaintiff does not allege how many specific instances involved his legal mail or who was responsible for opening the legal mail.  Plaintiff is given an opportunity to file a proper Amended Complaint in which he sets forth instances of constitutional violations regarding his legal mail and names a proper defendant responsible for such violation.

### 2. Damages

Plaintiff seeks $120,000 in damages.  Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).

## VI. Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper Amended Complaint upon court-approved forms that cures all the deficiencies discussed herein.[1] Plaintiff is given time to file a complete and proper Amended Complaint in which he (1) shows he has exhausted administrative remedies for all claims alleged; (2) raises only properly joined claims and defendants; (3) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court, and (4) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an Amended Complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **June 1, 2018,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **June 1, 2018,** in which to file a complete and proper Amended Complaint to cure all the deficiencies discussed herein.

The clerk is directed to send § 1983 forms and instructions to plaintiff.

---

[1] In order to add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (17-3209-SAC) at the top of the first page of his Amended Complaint and he must name every defendant in the caption of the Amended Complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 2nd day of May, 2018.**

**s/ Sam A. Crow**
**Sam A. Crow**
**U.S. Senior District Judge**
