# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

IAN-JAMEEL NORVELL BLACK,

       Plaintiff,

       v.                       CASE NO.  17-3209-SAC

SHAWNEE COUNTY DEPARTMENT
OF CORRECTIONS,

       Defendant.

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  On May 2, 2018, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 4) ("MOSC"), directing Plaintiff to show cause why his Complaint should not be dismissed for the reasons set forth in the MOSC.  Plaintiff was also given an opportunity to file an amended complaint.  This matter is before the Court for screening Plaintiff's Amended Complaint (Doc. 11).

Plaintiff alleges that while he was a pretrial detainee at the Shawnee County Jail his outgoing mail to family and friends was forwarded to the Shawnee County District Attorney for use in his criminal case.  Plaintiff alleges that the mail was forwarded without a warrant and only upon a "simple request."  Plaintiff alleges that the information in the mail was used against him in his criminal proceedings.  Plaintiff claims that he was prevented from claiming actual innocence in his criminal case, resulting in a denial of his motion to withdraw pleas and set aside convictions.  Plaintiff seeks to have the Defendant change the policy on forwarding mail to the

District Attorney without a warrant, and names the Shawnee County Department of Corrections as the sole Defendant.

## I. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## II. DISCUSSION

Plaintiff alleges that the Shawnee County Department of Corrections' mail policy was the moving force behind a violation of his constitutional rights. As set forth in the MOSC, the policy is as follows:

> All mail that comes and goes through this facility is subject to inspection . . . except that which is considered "legal mail", which chiefly intends correspondence with your defense counsel (to protect attorney-client privileged communications).
>
> If mail is inspected and it contains information relevant to an ongoing criminal investigation or criminal prosecution, it may be turned over to the District Attorney or the relevant law enforcement agency. If it is turned over for use in a criminal prosecution, it will be provided to the defendant with other "discoverable" evidence.

Doc. 1, at 10.

> If a valid request comes from law enforcement or the District Attorney's office to monitor and copy mail that comes in or is sent out for a specific inmate, we honor that request. Any mail reviewed in this manner is then produced to the inmate through the discovery process. We do not participate in the discovery process, because we are not involved in the litigation. We simply filter the mail as requested. In these instances, any mail items that qualify for the definition of "legal mail" is not meddled with. To be clear, however, what constitutes "legal mail" is not defined by the inmate, but by what the law defines as "legal mail." If you believe any mail intercepted qualifies, and therefore should have been immune from our monitoring process, your remedy is to ask the Criminal Court Judge to have those pieces of mail not allowed into evidence. If the court gives us any direction on that matter, we'll follow that direction.

*Id*. at 13.

Inmates have a First Amendment right to communicate with the outside world by sending and receiving mail. *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989); *Turner v. Safley*, 482 U.S. 78, 85 (1987). However, the right is not absolute, and it is limited by concerns for institutional

4

security and public safety. Prisons and jails may impinge upon an inmate's First Amendment right to send or receive mail so long as their policies are "reasonably related to legitimate penalogical interests." *Turner*, 482 U.S. at 89. Regarding outgoing mail, such concerns include, but are not limited to, "escape plans, plans relating to ongoing criminal activity, and threats of blackmail or extortion." *Thornburgh*, 490 U.S. at 412.

"Prison officials do not violate the First Amendment by inspecting and reading an inmate's outgoing non-legal mail." *Zink v. Cummings*, 2017 WL 2374508, at *2 (W.D. Mich. 2017) (citing *Frey v. Raisanen*, 2014 WL 545794, at *2 (E.D. Mich. Feb. 11, 2014), *citing Caldwell v. Beard*, 305 F. App'x 1, 4 (3d Cir.2008) (prison officials did not violate the First Amendment by reading inmate's outgoing mail to his family); *Altizer v. Deeds*, 191 F.3d 540 (4th Cir.1999) (opening and inspecting inmate's outgoing mail is reasonably related to legitimate penological interests and does not violate the First Amendment); *Smith v. Delo*, 995 F.2d 827, 830 (8th Cir.1993) (prison officials are justified in screening outgoing nonlegal mail for escape plans, contraband, threats, or evidence of illegal activity); *Stow v. Grimaldi*, 993 F.2d 1002, 1004–05 (1st Cir. 1993) (state prison practice requiring that non-privileged outgoing mail be submitted for inspection in unsealed envelopes did not violate prisoner's constitutional rights); *United States v. Whalen*, 940 F.2d 1027, 1035 (7th Cir. 1991) ("it is well established that prisons have sound reasons for reading the outgoing mail of their inmates"); *see also Gaines v. Lane*, 790 F.2d 1299, 1304 (7th Cir. 1986) (upholding prison regulations authorizing the inspection of incoming and outgoing nonlegal mail)).

"Nor do prison officials commit a constitutional violation by reading prisoners' outgoing nonlegal mail and forwarding matters of concern to police or prosecutors." *Zink*, 2017 WL 2374508, at *3 (citing *See Frey v. Raisanen*, 2014 WL 545794, at *3, *citing Busby v. Dretke*, 359

F.3d 708, 721 (5th Cir. 2004) (finding that the First Amendment did not bar jail officials from reading an inmate's mail and turning letters over to prosecutors if the jailers found valuable evidence during routine monitoring); *Gassler v. Wood*, 14 F.3d 406, 408 n. 5 (8th Cir. 1994) (citing cases and finding no First Amendment violation where prison officials read prisoners' outgoing nonlegal mail and sent copies to agent investigating their crimes); *Houston v. Hornick*, No. 2:08–cv–92, 2008 WL 2699384, *1–2 (W.D. Mich. June 30, 2008) (adopting report and recommendation dismissing complaint for failure to state a constitutional claim where prison official read prisoner's letter to psychiatrist and gave it to police, which resulted in prisoner's bond revocation and placement in segregation)). Therefore, Plaintiff fails to state a claim upon which relief may be granted. Accordingly,

**IT IS THEREFORE ORDERED THAT** this action is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 5th day of September, 2018.**

<u>**s/ Sam A. Crow**</u>
**Sam A. Crow**
**U.S. Senior District Judge**